IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ADRIAN WILL and
MARIA YOURGLASS,

Plaintiffs,

v.

PROGRESSIVE NORTHERN
INSURANCE COMPANY and
MARCUS RAPP,

Defendants.                                          Case No. 14-cv-221-DRH-SCW

MEMORANDUM & ORDER

HERNDON, Chief District Judge:

## I.      Introduction

Before the Court is a motion to dismiss plaintiffs' complaint brought by defendant Progressive Northern Insurance Company (Progressive) (Doc. 6). Progressive seeks dismissal of plaintiffs Adrian Will and Maria Yourglass' (collectively, plaintiffs) complaint, pursuant to FEDERAL RULES OF CIVIL PROCEDURE 8(a)(2) and 12(b)(6).

## II.      Background

Progressive removed plaintiffs' complaint from Madison County, Illinois to this Court pursuant to diversity jurisdiction, *see* 28 U.S.C. § 1332, on February 18, 2014 (Doc. 2). Plaintiffs' complaint brings four counts arising from an alleged insurance policy Progressive issued plaintiffs covering, "[a] loss not caused by collision including . . . malicious mischief or vandalism; theft of larceny . . ." (Doc.

2-2, p. 3, ¶ 5).  Plaintiffs allege their motor vehicle was stolen on or about the night of May 19, 2012, or morning of May 20, 2012.  Plaintiffs bring: Count I, Breach of Fiduciary Duty; Count II, Fraud; Count III, Breach of Contract; and Count IV, Section 155.  Progressive argues plaintiffs' allegations do not withstand dismissal and this Court agrees.[1]

## III.  Legal Standard

Rule 8(a) requires that a complaint provide, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A Rule 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which a court can grant relief. *Hallinan v. Fraternal Order of Police Chicago Lodge 7,* 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."  Even though *Twombly* (and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)) retooled federal pleading standards, notice pleading remains all that is required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008) (citation omitted).

In making this assessment, the district court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See*

---

[1] Plaintiffs voluntarily dismissed defendant Marcus Rapp on April 17, 2014.

*Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).

## IV.   Application

### a. Count I: Breach of Fiduciary Duty

It is well-settled in Illinois that, "no fiduciary relationship exists between an insurer and an insured as a matter of law." *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 401 (7th Cir. 2011) (quoting *Fichtel v. Bd. of Dirs. of River Shore of Naperville Condo. Ass'n*, 389 Ill. App. 3d 951, 330 Ill. Dec. 90, 907 N.E.2d 903, 912 (2009)). When, as here, the relationship alleged does not give rise to a fiduciary relationship as a matter of law, the party asserting the existence of the fiduciary relationship must plead facts alleging, "special circumstances of the parties' relationship, where one party places trust and confidence in another, thereby placing the latter in a position of influence and superiority over the former." *Martin v. State Farm Mut. Auto. Ins. Co.*, 348 Ill. App. 3d 846, 283 Ill. Dec. 497, 808 N.E.2d 47, 52 (2004).   Plaintiffs allege that Progressive, "had a fiduciary duty to [p]laintiffs to handle and adjust [p]laintiffs' claim with the utmost honesty, good faith, and fair dealing" (Doc. 2-2, ¶ 9). In reviewing plaintiffs' Count I, it is clear that plaintiffs' allegations do not state a claim for breach of fiduciary duty that is plausible and thus Count I is dismissed.

### b. Count II: Fraud

Under FEDERAL RULE OF CIVIL PROCEDURE 9(b), allegations of fraud require assertion of supporting facts with particularity. *See* Fed. R. Civ. P. 9(b).   Under

Illinois law, a claim of fraud must allege that defendant: "(i) made a false statement of material fact; (ii) knew or believed the statement to be false; (iii) intended to and, in fact, did induce the plaintiff to reasonably rely and act on the statement; and (iv) caused injury to the plaintiff." *Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 766 (7th Cir. 2010) (citing *Redarowicz v. Ohlendorf,* 92 Ill. 2d 171, 65 Ill. Dec. 411, 441 N.E.2d 324, 331 (1982)).  As to the false statement of material fact at issue, plaintiffs merely allege that Progressive made "intentional misrepresentations."   Plaintiffs' allegations of fraud are wholly insufficient to withstand dismissal and thus plaintiffs' Count II is dismissed.

### c.  Count III: Breach of Contract

A plaintiff alleging a breach of contract claim under Illinois law must allege the existence of a valid and enforceable contract, the plaintiff substantially performed on the contract, the defendant breached the contract, and that damages to the plaintiff resulted from the defendant's alleged breach. *Id.* at 764 (citing *W.W. Vincent & Co. v. First Colony Life Ins. Co.,* 351 Ill. App. 3d 752, 286 Ill. Dec. 734, 814 N.E.2d 960, 967 (2004).  The Court agrees with Progressive that plaintiffs' re-alleging of the previous paragraphs of their complaint only serves to confuse the issues and does not put Progressive on sufficient notice of the breach of contract claim against it.   Namely, on the basis of plaintiffs' allegations, it is not clear what provisions of the policy at issue (a policy that is most notably not contained within the Court's file), were allegedly breached.

Page **4** of **5**

Plaintiffs' allegations of breach of contract are also insufficient and thus Count III is dismissed.

### d.  Count IV: Section 155

Section 155 of the Illinois Insurance Code, 215 ILCS 5/155, provides that in an action involving an insurance company where the issue is the amount of loss under the policy, if the court finds that the insurance company's actions or delay was "vexatious and unreasonable," the court can allow reasonable attorney fees and other costs.   Plaintiffs' conclusory statement that Progressive's "extended delay and refusal to pay [p]laintiff's claim is vexatious and unreasonable," is not entitled to a presumption of truth.   Thus, plaintiffs' Count IV is also insufficient under the standards of *Twombly* and *Iqbal* and is accordingly dismissed.

### V.    Conclusion

For the reasons set forth above, Progressive's motion to dismiss plaintiffs' complaint is **GRANTED** (Doc. 6). Plaintiffs' complaint is dismissed without prejudice.   Plaintiffs are granted leave to file an amended complaint against Progressive which comports with the FEDERAL RULES OF CIVIL PROCEDURE on or before **July 7, 2014**. Plaintiffs are directed to attach the insurance policy at issue as an exhibit to their amended complaint.   Plaintiffs' failure to file an amended complaint by July 7, 2014, will result in dismissal of this action with prejudice without further notice.

Digitally signed by
David R. Herndon
Date: 2014.06.06
15:51:46 -05'00'

**IT IS SO ORDERED**.
Signed this 6th day of June, 2014.

**Chief Judge**
**United States District Court**