IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADRIAN WILL and MARIA YOURGLASS, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) Case No. 14−cv−0221−DRH−SCW |
| vs. | ) <br> ) |
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## REPORT & RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

This Report and Recommendation is submitted to United States District Judge David R. Herndon pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). After Plaintiff Adrian Rich (hereinafter "Plaintiff") failed to file an Amended Complaint pursuant to the Court's Order at Doc. 21, and failed to respond to discovery pursuant to the Court's Order at Doc. 22, Defendants moved for the Court to dismiss Plaintiff's claims for lack of prosecution pursuant to Federal Rule of Civil Procedure 41. (Doc. 28). It is **RECOMMENDED** that Defendants' motion for dismissal be **GRANTED**, and that Adrian Rich's claims be **DISMISSED with prejudice**.

### BACKGROUND

While represented by counsel, Plaintiff filed his Complaint in Madison County, Illinois. (Doc. 2-2, p. 3). On February 18, 2014, Defendant removed the case to this district. (Doc. 2). Defendant then filed a Motion to Dismiss for Failure to State a Claim. (Doc. 6). The Court granted the Motion on June 6, 2014, but gave Plaintiff leave to file an amended complaint on or before July 7, 2014. (Doc. 21). The Court specifically noted that failure to file an amended complaint may result in dismissal with prejudice. (Doc. 21). At a status conference held before the undersigned,

1

Defendant indicated that there were outstanding discovery requests. (Doc. 22). The undersigned ordered Plaintiff to answer the outstanding discovery no later than July 7, 2014. (Doc. 22). On July 7, 2014, counsel for plaintiffs filed a Complaint on behalf of Maria Yourglass only. (Doc. 23). On July 21, 2014, Defendant filed the present motion indicating that not only had Plaintiff not filed a Complaint, he had also not answered the discovery. (Doc. 28).

On August 18, 2014, counsel for Plaintiff filed a Motion to withdraw as attorney for Adrian Will, citing a breakdown in communication. (Doc. 31). The Court scheduling a hearing on the matter for September 2, 2014. (Doc. 30). The Court found that Mr. Meinders had given Plaintiff adequate notice of the Motion to withdraw and the hearing. (Doc. 33). Plaintiff failed to appear at the hearing. (Doc. 33). Also on September 2, 2014, Plaintiff was given 21 days to retain counsel or to enter on the case pro se. (Doc. 34). To date, Plaintiff has done neither. On October 9, 2014, Plaintiff again failed to appear at a status conference. (Doc. 36).

On December 19, 2014, Plaintiff appeared at a status conference. Plaintiff indicated for the first time that he had moved and provided the Court with his new address. (Doc. 37). Plaintiff has never responded to the written discovery and his deposition has not been taken. (Doc. 37). Discovery closed in this case on December 7, 2014. (Doc. 20).

**ANALYSIS**

A. **MOTION TO DISMISS FOR LACK OF PROSECUTION**

Federal Rule of Civil Procedure 41(b) states the general principle that failure to prosecute a case should be punished by dismissal with prejudice. **Lucien v. Breweur, 9 F.3d 26, 29 (7th Cir. 1993). Accord James v. McDonald's Corp., 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b), a "district court has the authority . . . to [dismiss a case] for lack of prosecution.").**

Plaintiff's case should be dismissed for failure to prosecute. Plaintiff has not retained counsel. There is currently no operative complaint as to him and there has not been an operative

complaint as to him for more than six months.  Plaintiff has not participated in discovery.  He did not respond to discovery sent to him during the time when he had counsel.  Now discovery is closed.  Plaintiff did not appear in Court on his attorney's motion to withdraw.  He did not comply with the Court's orders regarding those proceedings.  He did not timely update his address.  Plaintiff has done nothing to proceed with this case other than showing up to one status conference.

It would be highly prejudicial to Defendant to allow Plaintiff to proceed with this case at this time.  Plaintiff has spent the last six months sitting on his hands.  Discovery is closed, and would have to be re-opened in order to allow Defendant to prepare their case.  This would substantially delay the proceedings at a time when the case is progressing to trial.  For these reasons, the undersigned **RECOMMENDS** that the Motion to Dismiss be **GRANTED** as to Plaintiff Adrian Will.  (Doc. 28).

## CONCLUSION

It is therefore **RECOMMENDED** that Defendant's Motion to Dismiss for Lack of Prosecution (Doc. 28) be **GRANTED** and Plaintiff Adrian Will's case should be **DISMISSED with prejudice**.  Should the Court accept the undersigned's recommendations, Maria Yourglass's claims will proceed alone.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  ***See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).** <u>Objections to this Report and Recommendation must be filed on or before January 9, 2015</u>.

    IT IS SO RECOMMENDED.

    Dated: <u>December 23, 2014</u>                   <u>/s/ *Stephen C. Williams*</u>
                                                          STEPHEN C. WILLIAMS
                                                          United States Magistrate Judge