IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARIA YOURGLASS,

Plaintiff,

v.

PROGRESSIVE NORTHERN
INSURANCE COMPANY,

Defendant.                                                          No. 14-cv-221-DRH-SCW

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I.   Introduction

Now before the Court is defendant Progressive Northern Insurance Company's motion to dismiss plaintiff's first amended complaint (Doc. 23) pursuant to FEDERAL RULES OF CIVIL PROCEDURE 8(a)(2) and 12(b)(6). Plaintiff opposes the motion on grounds that she satisfied the pleading requirements of Rules 8(a) and 12(b)(6) (Doc. 32). For the reasons explained below, the Court **GRANTS in part and** DENIES **in part** defendant's motion to dismiss (Doc 23).

### II.   Background

This case arises out of plaintiff's denied claim on her insurance policy by defendant after her motor vehicle was allegedly stolen, set on fire, and destroyed in May 2012. Plaintiff attempted to recuperate the loss of her vehicle by filing a claim on her auto insurance policy with Progressive Northern Insurance Company (hereinafter "defendant"), which defendant denied. Following the denial, plaintiff

filed an action arising from the same operative facts as the instant case on December 3, 2013, in the Circuit Court of Madison County, Illinois (2-2). On February 18, 2014, defendants removed this case to the United States District Court for the Southern District of Illinois asserting this Court has diversity jurisdiction under 28 U.S.C. § 1332 (Doc. 2).

Upon removal, defendants filed a motion to dismiss plaintiff's complaint (Doc. 6). The Court granted the motion, and upon the court's order to amend the complaint, plaintiff filed her first amended complaint on July 7, 2014 (Doc. 23). In Count I of the amended complaint, plaintiff alleges that defendant negligently misrepresented to plaintiff that her vehicle would be covered by the subject policy; in Count II, plaintiff brings a breach of contract claim against defendant for failing to timely investigate and pay her claim; in Count III, plaintiff claims that defendant's refusal to pay her claim is "vexatious and unreasonable" in violation of Section 155 of the Illinois Insurance Code. Defendant instantly seeks dismissal of all three counts contained in plaintiff's first amended complaint alleging that plaintiffs' claims do not meet federal pleading standards.

Naturally, plaintiff disagrees with defendant's assertions and alternatively moves to amend her complaint, should the Court determine that plaintiff has not pled her claims with sufficient particularity. The Court will address each count of the complaint individually.

### III. Motion to Dismiss

Rule 8(a) requires that a complaint provide, "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."

Although federal pleading standards were retooled by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), notice pleading remains all that is required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citation omitted).

The Seventh Circuit offers further guidance on what a complaint must do to withstand 12(b)(6) dismissal. The Court in *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008), reiterated the standard: "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the complaint's allegations must "raise a right to relief above the speculative level." A plaintiff's claim "must be plausible on its face," that is, "the complaint must establish a non-negligible probability that the claim is valid." *Smith v. Medical Benefit Administrators Group, Inc.*, 639 F.3d 277, 281 (7th Cir.2011). With this in mind, the Court turns to plaintiff's

three-count complaint.

## IV. Application

### a. Count I: Negligent Misrepresentation

Under Illinois law, a claim of negligent misrepresentation must allege: (1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; (5) damage to the other party resulting from such reliance; and (6) a duty on the party making the statement to communicate accurate information. *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 218 Ill. 2d 326, 334-35, 843 N.E.2d 327, 334-5 (2006)).

Defendant argues that plaintiff failed to plead the following four elements with sufficient particularity: (1) the existence of a duty to communicate accurate information, (2) a false statement of material fact made by defendant, (3) defendant's carelessness or negligence in ascertaining the truth of its statement regarding plaintiff's coverage, and (4) defendant's intent to induce plaintiff to act.

As to the first disputed element, to state a cause of action for negligent misrepresentation under Illinois law, a complaint must first allege facts establishing that the defendants owed a duty to communicate accurate information. *Hoover v. Country Mut. Ins. Co.*, 2012 IL App (1st) 110939, 975 N.E.2d 638, 648 (2012). Specifically, Illinois courts have recognized a duty to communicate accurate information in two circumstances. First, Illinois courts have imposed a duty to

avoid negligently conveying false information where the information results in physical injury to a person or harm to property. *Id.* (citing *Brogan v. Mitchell Int'l., Inc.*, 181 Ill.2d 178, 183, 629 N.E.2d 276 (1998)). Second, Illinois courts have imposed a duty to avoid negligently conveying false information where one is in the business of supplying information for the guidance of others in their business transactions. *Id.*; *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill.2d 69, 89, 435 N.E.2d 443,452 (1982). See also *Tolan and Son, Inc. v. KLLM Architects, Inc.*, 308 Ill.App.3d 18, 719 N.E.2d 288, 294 (1999). ("[N]egligent misrepresentation by a defendant in the business of supplying information for the guidance of others in business transactions is an exception to the *Moorman* doctrine.")

While plaintiff alleges pecuniary loss and emotional distress resulting from defendant's statement that her vehicle would be covered by the instant policy, those allegations do not equate to physical injury or harm to property. See *Board of Education of City of Chicago v. A, C & S, Inc.*, 131 Ill.2d 428, 546 N.E.2d 580 (1989). Without more, the existence of a duty to communicate accurate information depends on whether defendant is in the business of supplying information for the guidance of others in their business transactions. Such an allegation is a legal conclusion that must be supported by well-pled factual allegations. *Tolan and Son, Inc.,* at 296; *Rankow v. First Chicago Corp.,* 870 F.2d 356, 361 (7th Cir.1989).

Plaintiff has not offered specific facts to support a conclusion that defendant is in the business of supplying information for the guidance of others in their business relations. The negligent misrepresentation exception to the economic loss

doctrine set forth in *Moorman* focuses on whether the defendant is in the business of providing information to guide others, or whether the information is merely supplementary to a business transaction. *Moorman Mfg. Co.*, 91 Ill. 2d 69, 89, 435 N.E.2d 443, 452 (1982). Furthermore, defendant argues that according to Illinois law, insurance carriers are not in the business of supplying information. *Asad v. Hartford Life Ins. Co.*, 116 F. Supp.2d 960, 964 (N.D. Ill. 2000) (citing *Univ. of Chicago v. United Parcel Service*, 231 Ill.App.3d 602, N.E.2d 688, 691 (1992)). By not providing specific facts to support a conclusion that defendant is in the business of supplying information for the guidance of others, plaintiff further supported their negligent misrepresentation claim arguing "once information is provided, it must be accurate and defendant must accept the burden of providing false statements" (Doc. 32). However, plaintiff failed to provide case law to support this assumption of a duty on the part of Progressive.

Defendant's argument that plaintiff has also failed to sufficiently plead the "false statement," "carelessness or negligence," and "intent" elements is contingent upon defendant's claim that it had no duty to provide accurate information to plaintiff. See *First Midwest Bank*, 218 Ill. 2d 326, 334-35, 843 N.E.2d 327, 336-37. The existence of such a duty is a threshold issue that must be sufficiently pled in order for plaintiff to survive dismissal. Therefore, Count I is dismissed. However, plaintiff is granted leave to amend her first amended complaint (Doc. 23) with regard to Count I.

b. **Count II: Breach of Contract**

The Illinois Code of Civil Procedure requires that, where a claim is based on a written instrument, a copy of that instrument must be attached or recited therein, unless the plaintiff makes a showing that the instrument is unavailable to her. 735 ILCS 5/2–606 (2004). In contrast, FEDERAL RULE OF CIVIL PROCEDURE 8 has no analog requirement; it requires only a "short and plain statement" of plaintiff's claims. Fed. R. Civ. P. 8(a)(2). As federal, not state, civil procedure applies in this case, plaintiff's failure to attach a copy of her contract with defendant is not adequate grounds for dismissal by itself. See e.g. *Arnold v. Janssen Pharmaceutical, Inc.,* 215 F.Supp.2d 951, 962 (N.D.Ill.2002) ("[F]ederal courts, unlike Illinois state courts, do not require that critical documents be attached to the complaint.") Furthermore, to plead the breach of an insurance contract, plaintiff must identify the terms of the policy she alleges the defendant breached. *Cima v. Wellpoint Healthcare Networks, Inc.*, No. 05-CV-4127-JPG, 2006 WL 1914107, at *11 (S.D. Ill. July 11, 2006)(citing *Palda v. General Dynamics Corp.,* 47 F.3d 872, 874-75 (7th Cir.1995)). In this case, plaintiff notes that she included the denial letter from defendant that quotes the relevant contractual and policy terms at issue in the complaint (Doc 32).

Defendant does not contend that plaintiff failed to adequately plead facts related to Count II on the face of her complaint. The only rationale defendant provides for dismissal is plaintiff's failure to attach a copy of the policy at issue. Plaintiff explains that the failure to attach the policy is due to unavailability (Doc. 32). Plaintiff's online Progressive account was cancelled and she alleges that she is

otherwise not in possession of the full policy. The Court notes plaintiff's alleged inability to secure the policy and her corresponding request for defendant's production of said policy (Doc. 32-1). However, the Court also acknowledges its previous order directing plaintiff to attach the insurance policy at issue as an exhibit to her amended complaint (Doc. 21). Because the missing policy is itself insufficient to warrant dismissal under Rule 8, the Court denies defendant's motion to dismiss Count II.

### c. Count III: Section 155

Section 155 of the Illinois Insurance Code, 215 ILCS 5/155, provides that in an action involving an insurance company where the issue is the amount of loss under the policy, if the court finds that the insurance company's actions or delay was "vexatious and unreasonable," the court can allow reasonable attorney fees and other costs. Section 155 is the "legislature's remedy to an insured who encounters unnecessary difficulties when an insurer withholds policy benefits." *Golden Rule Ins. Co. v. Schwartz,* 203 Ill.2d 456, 272 Ill. Dec. 176, 786 N.E.2d 1010, 1018 (2003)(internal quotation marks omitted).

Plaintiff's amended complaint maintains the conclusory statement that defendant's "extended delay and refusal to pay [p]laintiff's claim is vexatious and unreasonable;" however, plaintiff supplements this statement with facts that, if assumed to be true, could support a finding that defendant's actions were vexatious or unreasonable. Since plaintiff no longer relies solely on a bald assertion of unlawful conduct, her complaint survives the pleading standards of *Twombly* and

*Iqbal*, thus presenting an issue of fact. See *Med. Protective Co. v. Kim*, 507 F.3d 1076 (7th Cir. 2007). Hence, the Court denies defendant's motion to dismiss Count III.

## V.     Conclusion

Accordingly, the Court **GRANTS in part** and **DENIES in part** defendant's motion to dismiss (Doc. 26). The Court **GRANTS** the motion as to Count I, the negligent misrepresentation claim, and **DISMISSES** Count I of plaintiff's complaint. The Court **DENIES** the motion as to the remaining claims.

Should plaintiff wish to proceed on her claim for negligent misrepresentation, the Court **GRANTS** plaintiff leave to file an amended complaint as to Count I. Plaintiff shall file her second amended complaint, within seven (7) days of the entry of this order (**on or before February 5, 2015**). Failure to file an amended complaint will result in of dismissal of Count I of this action with prejudice and without further notice.

**IT IS SO ORDERED.**

Signed this 29th day of January, 2015.

David R. Herndon
2015.01.29
12:44:51 -06'00'

**United States District Judge**